[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11996
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20921-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IRA KEMOY GRANT,
a.k.a. Shaun Grant,
a.k.a. Ira Ilyasha Grant,
a.k.a. Ira Remoy Grant,
a.k.a. Shawn Tamar Grant,
a.k.a. Shawn Green,
a.k.a. Charley K. Trace,
a.k.a. Franze Unton Young,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 16, 2014)

Before WILSON, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ira Kemoy Grant appeals his sentence of 46 months of imprisonment for reentering the United States after being deported. 8 U.S.C. § 1326(a), (b)(2). Grant argues that his sentence is substantively unreasonable and, for the first time, that his sentence is unconstitutional because his maximum statutory sentence was increased based on the fact of a prior conviction that was not admitted to by him or proved to a jury beyond a reasonable doubt.  We affirm.

The district court did not abuse its discretion by sentencing Grant to 46 months of imprisonment. Grant, a native and citizen of Jamaica, reentered the United States after being deported in 2008 for being an aggravated felon, and by then he had amassed convictions for reckless driving, possession of marijuana with intent to sell, battery, possession of a firearm as a convicted felon, attempted trafficking in marijuana, threatening a public servant, attempted forgery, false impersonation, and grand theft. The district court acted within its discretion in weighing more heavily Grant's "extensive criminal history" than the extenuating circumstances underlying his offense. And the district court accounted for Grant's acceptance of responsibility by imposing a sentence at the low end of his advisory guideline range of 46 to 57 months of imprisonment. Grant's sentence, which is well below his maximum statutory sentence of 20 years, is reasonable.

Grant concedes that his challenge to the constitutionality of his sentence is foreclosed by precedent.  In *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), the Supreme Court held that a prior conviction "relevant only to the sentencing of an offender found guilty of the charged crime" does not have to be charged in an indictment or proven beyond a reasonable doubt to a jury, even if it increases the defendant's maximum statutory sentence. *Id.* at 228–47, 118 S. Ct. at 1223–33. *Almendarez-Torres* remains the law until overruled by the Supreme Court, and it expressly refused to do so in *Alleyne v. United States*, 570 U.S. \_\_\_\_, 133 S. Ct. 2151 (2013). *Id.* at 1260 n.1.

We **AFFIRM** Grant's sentence.